**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LATOYA NIXON,** | **CIVIL ACTION NO. 22-379** |
| **Plaintiff,** | **SECTION: "P"** |
| **v.** | **JUDGE PAPILLION** |
| **VERA CHESTER, ET AL.,** | **MAGISTRATE JUDGE NORTH** |
| **Defendants.** | |

**INTERVENORS' RESPONSE TO PLAINTIFF'S OPPOSITION TO THE COURT'S NOTICE OF INTENT TO GRANT SUMMARY JUDGMENT IN FAVOR OF INTERVENORS**

Intervenors Garret S. DeReus and Bizer & DeReus, LLC (now "The Bizer Law Firm, LLC") (collectively, "Intervenors") respectfully submit this response to Plaintiff Latoya Nixon's two-page Opposition (the "Opposition") to the Court's Notice of Intent to Grant Summary Judgment (R. Doc. 102). Ms. Nixon's Opposition supplies no record evidence, rehashes arguments this Court has already decided, and mislabels post-settlement regret as a "conflict of interest." The Court should enter summary judgment as proposed by the Court: $20,000 to Intervenors and $50,000 to Ms. Nixon.

## I.    INTRODUCTION

The Court has notified the parties of its intent to grant summary judgment in Intervenors' favor and to disburse $20,000 from the registry to Intervenors and $50,000 to Ms. Nixon. (R. Doc. 102.) That proposed disposition tracks an oral offer from Mr. DeReus to Ms. Nixon in which Mr. DeReus said that Intervenors would receive $20,000 in fees and costs out of the $70,000 settlement, leaving Ms. Nixon with $50,000, if she agreed to make an offer of $70,000. Ms. Nixon

1

agreed to this proposal and Mr. DeReus made an offer to settle this case for $70,000 to the Defendants.

Ms. Nixon's Opposition contains no record citations and no admissible evidence. Her arguments fall into two buckets: (1) recycled attacks on the existence and enforceability of the settlement, which this Court has already rejected, and (2) a vague "conflict of interest" label that, on inspection, amounts to nothing more than buyer's remorse. Neither bucket creates a genuine dispute of material fact.

**II.    THE OPPOSITION FAILS UNDER RULE 56 BECAUSE IT CITES NO RECORD EVIDENCE.**

Rule 56 places the burden on the non-movant to point to particular materials in the record showing a genuine dispute of fact. Fed. R. Civ. P. 56(c)(1)(A). Conclusory assertions and unsworn argument do not suffice. *Allen v. St. James Par. Hosp.*, No. CIV.A. 12-1619, 2013 WL 6017931, at *3 (E.D. La. Nov. 13, 2013) ("the non-moving party must do more than simply deny the allegations raised by the moving party.").

Ms. Nixon's two-page Opposition does not cite a single page of the record. It includes no affidavits, no deposition excerpts, and no exhibits. It is pure argument untethered to any admissible proof.

Ms. Nixon's bare assertion that "the fairness and enforceability of the claimed fee is in dispute" (Opp. at 2) is a textbook example of a conclusory argument. She offers no record evidence that the fee is unfair, no challenge to the time and labor expended, no challenge to the customary contingency fee rate in this district, and no evidence that the result obtained was inadequate. She does not contest the documented 97 hours of attorney time, the 27 hours of paralegal time, or the $3,705.35 in advanced costs. (R. Doc. 84-2 at 4.) A *pro se* plaintiff's bald assertion that a fee is "unfair" is not enough to create a genuine dispute under Rule 56.

### III.    MS. NIXON'S CHALLENGE TO THE SETTLEMENT HAS ALREADY BEEN DECIDED.

Sections 2, 3, and parts of 5 of Ms. Nixon's Opposition raise the same argument: Ms. Nixon claims she "did not authorize the settlement", was not given the opportunity to "review, approve, or reject the settlement terms," and that Intervenors finalized the case without proper consultation. (Opp. at pp. 1-2.)

These arguments have been litigated and rejected. The Court enforced the parties' $70,000 settlement (R. Doc. 81), and the defendants deposited the $70,000 into the registry. As the Court reaffirmed in its Notice, "despite Ms. Nixon's challenge to the enforceability of the settlement agreement, the settlement was enforced…." (R. Doc. 102 at 1.) The Court further held that "[t]he only issue that now remains is what amount from the settlement proceeds is owed to prior counsel." (Id.)

The law of the case forecloses Ms. Nixon's effort to relitigate whether a settlement was authorized. Ms. Nixon filed no motion for reconsideration or appeal. Ms. Nixon's recycled "no settlement" arguments cannot defeat summary judgment on the only remaining issue—the disbursement of the proceeds.

### IV.    THE "FIVE MINUTES" NARRATIVE IS UNSUPPORTED AND CONTRADICTED BY THE RECORD.

Ms. Nixon contends that the settlement was reached in an "extremely short time frame (approximately five minutes)". (Opp. at 2.) She offers no record citation for this assertion, and the actual record contradicts it.

Bizer & DeReus represented Ms. Nixon for nearly a year and a half. The settlement was the product of extensive and ongoing negotiations between Mr. DeReus and defense counsel, including a settlement conference. Mr. DeReus secured Ms. Nixon's authorization to settle on the agreed terms the day before the final acceptance was communicated to defense counsel. The

3

decision to accept $70,000 was therefore not made in five minutes—it was made in the context of weeks of settlement discussion, and an authorization Ms. Nixon had given the day before.

Ms. Nixon's own contemporaneous words confirm her authorization. When the deal was reached, Ms. Nixon asked Mr. DeReus, "when can I sign," or words to that effect. That is the language of a client who has been consulted, who has approved the settlement, and who is ready to consummate it.

V.      MS. NIXON IDENTIFIES NO CONFLICT OF INTEREST.

Section 5 of the Opposition asserts that Intervenors' conduct "reflects a conflict of interest and inadequate representation." In support, Ms. Nixon lists three things: (i) the allegedly "extremely short time frame" of the settlement; (ii) "[f]inalizing the case via email communication"; and (iii) Intervenors' alleged attempts to "argue or revisit aspects of Plaintiff's claims after the case had already been closed…." None of these is a conflict of interest.

A conflict of interest under Louisiana Rule of Professional Conduct 1.7 arises when a lawyer's representation is materially limited by responsibilities to another client, a former client, a third person, or a personal interest of the lawyer. *See* La. Prof. Conduct 1.7. Mr. DeReus represented Ms. Nixon and Ms. Nixon alone. Mr. DeReus never represented the defendants. Nor did Mr. DeReus have an interest adverse to Ms. Nixon. Mr. DeReus was prepared to either settle the case on terms Ms. Nixon authorized or to take the case to trial.

A perceived rush in negotiations is not a conflict. Nor were the settlement talks rushed; they dragged on for weeks. Likewise, communicating with a client by email is not a conflict of interest.

Finally, to the extent Ms. Nixon complains that, after she refused to consummate the settlement, Intervenors filed an intervention and argued they should recover the full contingency fee rather than the discounted $20,000 figure, that complaint misunderstand the obligations of

4

Interventors once they withdrew as her counsel. By the time Intervenors made that argument to Your Honor, Intervenors had already withdrawn as Ms. Nixon's counsel (R. Doc. 67) and Ms. Nixon was no longer their client. Once the attorney-client relationship ended, Intervenors were free to assert their legal arguments related to their fee. A former attorney's pursuit of a fee through intervention is not a "conflict of interest" and Ms. Nixon cites no law to the contrary.

## VI.    NO ADDITIONAL HEARINGS ARE NEEDED.

Ms. Nixon failed to attend the April 14, 2026, hearing regarding this matter – a hearing that she requested. Now, Ms. Nixon requests that the Court "[s]et this matter for a hearing" (Opp. at 2). Yet another hearing will not change the analysis and should be rejected. A court considering summary judgment under Rule 56(f)(3) may grant judgment if there is no genuine dispute of material fact. Ms. Nixon does not identify why another hearing is needed. This Court is intimately familiar with the fee dispute. There is no new evidence or facts. A hearing would simply waste the time of the parties, counsel, and Your Honor.

Given that Ms. Nixon failed to attend the last hearing, the Court should resolve the only remaining issue on the existing record and enter summary judgment as proposed.

## VII.    CONCLUSION

Ms. Nixon's has not established a genuine dispute of material fact. Her arguments rehash issues this Court has already decided. The undisputed record establishes that Ms. Nixon authorized a $70,000 settlement. This Court should enter summary pursuant to Rule 56(f)(3) and order disbursement of $20,000 from the registry to Intervenors and $50,000 to Ms. Nixon.

*/s/ Elizabeth A.B. Goree*
Elizabeth A.B. Goree (LSBA #38750)
**GOREE LAW CO. LLC**
1700 Northside Drive
Ste. A7 #6890
Atlanta, GA 30318
info@goreelawco.com

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 4th day of May 2026, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. I further certify that a copy of the foregoing has been sent via United States Mail, postage prepaid, to Plaintiff, Latoya Nixon, pro se, at 205 Maple Street, Hammond, LA 70401.

*/s/ Elizabeth A.B. Goree*
Elizabeth A.B. Goree (LSBA #38750)